# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ROBERT TAYLOR, AIS #130155, :

    Plaintiff, :

vs. : CIVIL ACTION 18-0207-JB-N

JASON WEIDMAN, :

    Defendant. :

## REPORT AND RECOMMENDATION

Plaintiff Robert Taylor, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 without paying the $400.00 filing/administrative fee or filing a motion to proceed without prepayment of fees.[1] (Doc. 1). Upon review of the complaint and Taylor's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Taylor is barred from proceeding *in forma pauperis* and did not pay the filing fee at the time he filed this action.

## I. Section 1915(g) and Taylor's Litigation History.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because Taylor is a prisoner, the undersigned is required to process his § 1983 action. S.D. Ala. GenLR 72(a)(2)(R). In assessing the next step to take in the processing of this action, the undersigned reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that Taylor has had at least three actions dismissed for one of the foregoing reasons, namely, *Taylor v. Hale,* CA 15-0465-KD-C (S.D. Ala. 2015) (dismissed for failure to state a claim); *Taylor v. Hale,* CA 16-0449-WS-M (S.D. Ala. 2016) (dismissed for failure to state a claim); *Taylor v. Robinson,* CA 08-0311-SLB-RRA (N.D. Ala. 2008) (dismissed as frivolous and for failure to state a claim); *Taylor v. Robinson*, CA 06-0590-KOB-RRA (N.D. Ala. 2006) (dismissed as frivolous and for failure to state a claim); and *Taylor v. FBI (Montgomery),* CA 07-0671-WKW-WC (M.D. Ala. 2007)

(dismissed pursuant to § 1915(e)(2)(B)(i) (frivolous) and (iii) (seeking damages from a person entitled to immunity from damages)).[2]

Previously, Taylor had an action dismissed pursuant to 28 U.S.C. § 1915(g), *Taylor v. Wells,* CA 17-0350-CG-MU (S.D. Ala. May 7, 2018), with the Report and Recommendation in that action being entered on April 13, 2018, and Taylor filing the present action on April 27, 2018. (Doc. 1). Pre-dating the § 1915(g) dismissal in *Taylor v. Wells, supra,* is another § 1915(g) dismissal in *Taylor v. Graddick,* CA 17-0253-CG-M (S.D. Ala. 2017).

## II. **Section 1915(g)'s Exception.**

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Taylor must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must]

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

3

allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.). Taylor has not done this.

In the complaint, Taylor sued Jason Weidman, an employee of a BP Gas Station in Mobile, Alabama, for an incident that occurred on December 5, 2013. (Doc. 1 at 5). Taylor then filed the instant action on April 27, 2018. (Doc. 1).

At the time of the complaint's filing, § 1915(g) requires that Taylor be in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). With the Taylor filing this action on April 27, 2018, challenging an event that occurred on December 5, 2013, the Court finds that he was not in imminent danger of serious physical injury when he filed the present action. Moreover, his allegations do not describe a serious physical injury, much less an injury that is imminent. Thus, the Court concludes that Taylor has not carried his burden of showing that he was in imminent danger of serious physical injury at the time of filing.[3]

### III. Conclusion.

Because Taylor cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that

---

[3] Inasmuch as Taylor's complaint comes under § 1915(g) and he did not pay the $400.00 fee at the time of filing, there is no necessity in requiring Taylor to file a motion to proceed without prepayment of fees.

an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 22nd day of August, 2018.

s/ Katherine P. Nelson<br>
**UNITED STATES MAGISTRATE JUDGE**